# ABRAMS AF FENSTERMAN

Abrams, Fensterman, Fensterman, Eisman, Greenberg, Formato & Einiger, LLP

Attorneys at Law
www.abramslaw.com

630 Third Avenue - 5th Floor
New York, New York 10017
Phone: 212-279-9200

1111 Marcus Avenue - Suite 107
Lake Success, New York 11042
Phone: 516-328-2300
Fax: 516-328-6638
Fax Not For Legal Service

45 Exchange Blvd. - Suite 275
Rochester, New York 14614
Phone: 585-232-6002

November 8, 2010

Hon. Glenn T. Suddaby
United States District Court
Northern District of New York
Federal Building & United States Courthouse
100 S. Clinton St.
Syracuse, NY 13261-7336

    Re:   *Niskayuna Operating Co., LLC v. Sebelius, et al.*
           United States District Court, Northern District of New York
           1:10 Civ. 1265 (GLS/DRH)

Dear Judge Suddaby:

    We write on behalf of plaintiff Niskayuna Operating Co., LLC ("Niskayuna") to address the question the Court raised during oral argument on November 3, 2010 as to whether it could exercise jurisdiction on the basis of irreparable injury alone. The answer to the Court's question is "yes".

    Addressing "The Equity Powers of the Courts", the Second Circuit Court of Appeals held in <u>Sheehan v. Purolator Courier Corp.</u>, 676 F.2d 877 ($2^d$ Cir. 1982) that the district court had jurisdiction under its inherent power as a court of equity to entertain a motion for temporary injunctive relief, notwithstanding Congressional silence on the issue:

> In normal circumstances the silence of Congress as to the details of a scheme for the enforcement of its legislation does not compel the conclusion that relief not mentioned in the statute may not be granted by the courts. Given the traditional powers of the federal courts, a court may not rely on Congress's silence as dispositive proof that its jurisdiction is not to be exercised in a certain way. Rather, it must look to the purposes of the statute to determine whether Congress intended that it exercise its traditional powers in appropriate circumstances.
>
> <u>In general, if the court eventually will have jurisdiction of the substantive claim and an administrative tribunal has preliminary jurisdiction, the court has incidental equity jurisdiction to grant temporary relief to preserve the status quo pending the ripening of the claim for judicial action on its merits.</u> The most notable recent case embodying this principle is the Supreme Court's decision in <u>FTC v. Dean</u>

Foods Co., 384 U.S. 597, 86 S.Ct. 1738, 16 L.Ed.2d 802 (1966). . . . The Supreme Court, with four Justices dissenting, . . . stat[ed] as follows:

> (D)ecisions of this Court "have recognized a limited judicial power to preserve the court's jurisdiction or maintain the status quo by injunction pending review of an agency's action through the prescribed statutory channels . . . . Such power has been deemed merely incidental to the courts' jurisdiction to review final agency action . . . ."

676 F.2d at 883-85 (emphasis added). Accord, e.g., Holt v. Continental Group, Inc., 708 F.2d 87, 89 (2[d] Cir. 1983)(injunction pending state administrative proceedings is available prior to exhaustion of administrative remedies); West India Fruit & Steamship Co. v. Seatrain Lines, Inc., 170 F.2d 775, 778-79 (2[d] Cir. 1948)(recognizing judicial power to assume incidental equity jurisdiction with respect to a claim pending before an administrative agency; cited by the United States Supreme Court in Dean Foods); Pollis v. New School for Social Research, 829 F. Supp. 584, 590 (S.D.N.Y. 1993).

In particular, V.N.A. of Greater Tift County, Inc. v. Heckler, 711 F.2d 1020 (11th Cir. 1983), following Dean Foods, held that notwithstanding §405(h) of Medicare Act, the All Writs Act empowers a district court to preserve the status quo pending an administrative appeal challenging a decision by the Secretary.

Niskayuna has also invoked the All Writs Act, 28 U.S.C. §1651 (Amended Complaint, ¶1), and the facts of this case, particularly the outrageous conduct of the New York State Department of Health, warrant this Court exercising its inherent equitable jurisdiction to grant Niskayuna the injunction it seeks pending final determination of Niskayuna's administrative appeal currently pending before the Departmental Appeals Board of the United States Department of Health and Human Services.

Respectfully submitted,

s/ *Howard Fensterman*
Howard Fensterman

cc: Paula Ryan Conan, Esq.
Office of the United States Attorney

Heather R. Rubinstein, Esq.
Office of the New York State Attorney General