UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

NISKAYUNA OPERATING CO., LLC,

                Plaintiff,

v

KATHLEEN SEBELIUS, as Sec'y of the U.S.        1:10-CV-1265
Dep't of Health and Human Servs.; DONALD     (GLS/DRH)
BERWICK, as Adm'r of the Ctrs. for Medicare
& Medicaid Servs.; and RICHARD F. DAINES,
M.D., as Comm'r of Health of the State of
New York,

                Defendants.
_____

APPEARANCES:                                  OF COUNSEL:

ABRAMS, FENSTERMAN, FENSTERMAN,        HOWARD S. FENSTERMAN, ESQ.
EISMAN, GREENBERG, FORMATO &
EINIGER, LLP
  Counsel for Plaintiff
630 Third Avenue, 5th Floor
New York, NY 10017

HON. RICHARD S. HARTUNIAN               PAULA R. CONAN, ESQ.
  United States Attorney for the                Assistant United States Attorney
  Northern District of New York
  Counsel for Defendants Sebelius and Berwick
100 South Clinton Street
Syracuse, NY 13261-7198

HON. ANDREW M. CUOMO
  Attorney General for the State of New York    HEATHER R. RUBINSTEIN, ESQ.
  Counsel for Defendant Daines
615 Erie Boulevard West, Suite 102
Syracuse, NY 13204

HON. GLENN T. SUDDABY, United States District Judge

**DECISION and ORDER**

Currently before the Court in this Medicare benefits action, filed by Niskayuna Operating Co., LLC ("Plaintiff") against Kathleen Sebelius, as Secretary of the United States Department of Health and Human Services, Donald Berwick, as Administrator of the Centers for Medicare & Medicaid Services, and Richard F. Daines, M.D., as Commissioner of Health of the State of New York ("Defendants"), is a Temporary Restraining Order issued at 12:49 p.m. on Tuesday, October 26, 2010, which is set to automatically expire at 12:49 p.m. on Tuesday, November 9, 2010, unless the Court extends it for good cause, pursuant to Fed. R. Civ. P. 65(b)(2). (Dkt. No. 13.) For the following three reasons, the Court extends the Temporary Restraining Order in question for a period of fourteen (14) days, until 12:49 p.m. on Tuesday, November 23, 2010.

First, following the Court's review of the briefs submitted by Defendants on November 1, 2010, and the Court's consideration of the oral arguments made by Defendants on November 3, 2010, the Court has not yet discovered any clear reason to depart from the findings of fact and conclusions of law it reached on October 27, 2010, regarding the issues of (1) jurisdiction, (2) irreparable harm, and (3) likelihood of success on the merits (assuming that is the applicable standard and not the existence of sufficiently serious questions going to the merits to make them a fair ground for litigation, and a balance of hardships tipping decidedly in the movant's favor).[1]

---

[1] *See Plaza Health Labs., Inc. v. Perales*, 878 F.2d 577, 580 (2d Cir. 1989) (noting that the movant may satisfy the second prong of the preliminary injunction test only by meeting the higher "likelihood of success" standard if it seeks to stay "governmental action taken in the public interest pursuant to a statutory or regulatory scheme"); *but see Time Warner Cable of New York City v. Bloomberg L.P.*, 118 F.3d 917, 923-24 (2d Cir. 1997) (noting that, where "there are public interest concerns on both sides" and the injunction is not sought to prevent the exercise of governmental regulatory authority, the movant may satisfy the second prong of the preliminary injunction test through the lower "serious questions" standard).

As a result, the findings of fact and conclusions of law stated in the Court's Decision and Order of October 27, 2010, are incorporated by referenced in this Decision and Order. The Court would add only that, contrary to Defendants' argument, it does not appear obvious to the Court that the case of *Shalala v. Illinois Council on Long Term Care, Inc.*, 529 U.S. 1 (2000) is analogous to the current case.[2]

Second, the Court's findings of fact and conclusions of law that it reached on October 27, 2010, regarding the issue of irreparable harm are further supported by the following two facts: (1) the fact that, although the Centers for Medicare & Medicaid Services has issued a letter rescinding "the November 11, 2010 effective date of termination of [Plaintiff's] Medicare agreement," it has stated that "[t]he rescission . . . is pending the receipt of an acceptable plan of correction to address the deficiencies from the October 21, 2010 post-survey visit" (Dkt. No. 32, Part 1, at 3); and (2) the fact that, although Plaintiff submitted a Plan of Correction on November 3, 2010, the New York State Department of Health rejected that Plan of Correction on November 5, 2010 (Dkt. No. 32, Part 1, at 1-2; Dkt. No. 34, at 1).

Third, the issues raised by the pending motions are complex and require additional time to decide, during which the Court finds it necessary to maintain the *status quo*. Indeed, Plaintiff has requested and been granted (along with Defendants) an opportunity to submit additional briefing on the issue of whether the Court can exercise jurisdiction on the basis of irreparable

---

[2] For example, in *Illinois Council*, the plaintiff challenged an agency decision by filing a lawsuit rather than seeking administrative review. *Illinois Council on Long Term Care, Inc.*, 529 U.S. at 15. Here, Plaintiff's request for injunctive relief to prevent the termination of its Medicare and Medicaid provider agreements was made contemporaneous with demand for appropriate administrative review of the termination decision.

injury alone.  Furthermore, any prejudice that may be caused to Defendants in the event that the current Temporary Restraining Order is subsequently found to have been extended in error is somewhat ameliorated by the fact that (1) the Temporary Restraining Order is being extended only once, and (2) the Temporary Restraining Order could conceivably be lifted if the Court finds cause exists to do so, when deciding Plaintiff's pending motion for a preliminary injunction, and Defendant Sebelius' pending cross-motion to dissolve the Temporary Restraining Order (issued on October 26, 2010) and dismiss the action.  (Dkt. Nos. 5, 27.)

    **ACCORDINGLY**, it is

    **ORDERED** that the Temporary Restraining Order that the Court issued in this action at 12:49 p.m. on Tuesday, October 26, 2010 (Dkt. No. 13), and that is set to automatically expire at 12:49 p.m. on Tuesday, November 9, 2010, is **<u>EXTENDED</u>** for a period of **FOURTEEN (14) DAYS**, until 12:49 p.m. on Tuesday, November 23, 2010, based on a finding of good cause, pursuant to Fed. R. Civ. P. 65(b)(2).

Dated: November 9, 2010
       Syracuse, New York

*[signature]*
Hon. Glenn T. Suddaby
U.S. District Judge